The opinion of the court was delivered by
Carpenter, J.
The Constitution of this State adopted in 1844, Art. 1, sec. 17, declares that “ no person shall be imprisoned for debt in any action, or on any judgment founded upon contract, unless in cases of fraud. Imprisonment for debt, therefore, in the State of New Jersey, is restricted to cases of fraud; and fraud is not to be presumed, but must be proved. The character and degree of fraud, whether it be fraud of the debtor in the inception of the debt, or in attempts to evade its payment; how proved, whether by the oath of the party defrauded, by ex parte *478 evidence or otherwise; all this is left undefined, for the action of the ordinary legislative power.
But imprisonment for debt had been previously abolished in this state, by the act of the 9th of March, 1842, in all actions founded upon contract express or implied, except in certain cases and under certain circumstances -specified in the act. This act still remains in force, except so far as any of its provisions may ' be repugnant to the constitution. Its provisions still regulate and control those cases, under which persons may be imprisoned for debt in the State of New Jersey.
By this act, in any action founded upon contract, the defendant may be held to bail upon proof to the satisfaction of a justice of the Supreme court, or a commissioner to take bail and affidavits, of any one or more of the following particulars :
First, That there is a debt or demand founded upon contract, express or implied, due to the plaintiff from the defendant, specifying the nature and particulars of said debt or demand ; and that the defendant is about to remove any of his property out of the jurisdiction of the court in which an action is about to be commenced, with intent to defraud his creditors. Or
Secondly, That the defendant has property or rights in action, which he fraudulently conceals. Or
Thirdly, That he has assigned, removed or disposed of; or is about to assign, remove,-or dispose of, any of his property, with the intent to defraud his creditors. Under this act and in accordance with the above article of our Constitution, such are the circumstances, on proof of which a capias ad respondendum may still be issued in this state.
By the directions of the act, the proof is to be made on oath or affirmation, before a justice or commissioner. Though ex parte from the necessity of the case — the object being to prevent the evasion, of a fraudulent debtor from the jurisdiction of the court out of which the writ is about to issue — still it is to be “proof.” This is a technical word,'used in a technical sense, and implies the application, to some extent, of those rules under which evidence is ordinarily admitted; as thus, a party to the record, and having a direct interest in the event of the suit, cannot be a witness for himself at the trial against the adverse party. The *479 language of the aet is not, that it shall appear by affidavit to the satisfaction of the justice or commissioner; under which phraseology, it might be argued, in analogy to many collateral proceedings, that the affidavit of the party should be sufficient: but as if to exclude such a conclusion, the words are, “ upon proof on oath or affirmation.” The meaning of the word in its present connexion is the more apparent from the subsequent part of the same section ; where, to prevent the inconvenience that might otherwise have ensued from the generality of the language used, the act provides that the order to hold the defendant to bail, shall be in such sum, as shall be sworn to by the plaintiff or his agent. The act thus, by express provision, making the affidavit of the party competent for this particular purpose; a provision unnecessary were such affidavits generally admissible. The affidavit of the party or his agent is, as heretofore, competent for the purpose of proving the amount of the debt; but for the purpose of proving the fraud necessary to be proved, in order to procure ati award of a capias ad respondendum, such affidavit is,neither competent nor sufficient.
This proof, in order to authorize an award of a capias ad respondendum, must establish some one or more of the particulars heretofore enumerated, to the satisfaetion of the justice or commissioner; who shall then make an order to hold the defendant to hail, in such sum, as shall be sworn to by the plaintiff or his agent to be due from the defendant to the plaintiff. The proof is to be to the satisfaction of the justice or commissioner. The act therefore vests in such justice or commissioner the judicial discretion to weigh the evidence of fraud, that may be adduced before him ; and his decision must appear. It must appear upon the face of the order or award made by him, that he has exercised such judicial discretion, and made a decision thereupon. It must appear upon the face of the order, that the proof of the particulars necessary to be proved to authorize the award of the capias, was satisfactory, or the issuing of the writ will he unauthorized and illegal.
It will be unnecessary in this case to examine whether the facts set forth in the affidavit filed, if such affidavit had been competent, would have been sufficient proof and ought to have been *480 satisfactory to the justice. We have heretofore, in a late case, decided that the legality of the evidence, and its applicability to prove the necessary facts, may be reviewed by this court; but that its weight rests with the consideration of the justice or commissioner. Wire v. Browning, Spencer’s R., 364. The affidavit of the party being incompetent to prove the fraud, and the order made by the justice not showing upon its face that any adjudication was made by him, as to the weight or sufficiency of the proof, for these reasons the award of the capias cannot be sustained.

Capias quashed.

Randolph, J. did not hear the argument and expressed no opinion.
Cited in State v. Lewis, 2 Zab. 565; Stanley v. Horner, 4 Zab. 513; Peschkaw v. Seidel, 3 Dutch. 429; Bowne v. Titus & Scudder, 1 Vr. 343; Perry v. Orr, 6 Vr. 302.